# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **VALORIE SUE W.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 23-1248-JWL** |
| **MARTIN O'MALLEY,**[2] | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

_____

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On December 20, 2023, Mr. O'Malley was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. O'Malley is substituted for Acting Commissioner Kilolo Kijakazi as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

## I.      Background

Plaintiff protectively filed applications for SSDI and SSI benefits on September 16, 2020.  (R. 19, 239-49).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff argues the ALJ acknowledged Plaintiff's allegations of pain and difficulty lifting, balancing, standing, and sitting and relied on her reports that she could lift 10 to 15 pounds, walk 5 to 10 minutes at one time, and sit 15 minutes at one time to discount certain medical opinions and prior administrative findings, thereby crediting these reported symptoms.  She claims that consequently the ALJ erred by failing to include these sitting, standing, walking and carrying limitations in the residual functional capacity (RFC) assessed.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she

has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). Here, the ALJ found at step four that Plaintiff is able to perform her past relevant work, and went on to determine at step five that there are other representative jobs in the economy for which Plaintiff maintains the functional capacity.

The court addresses the error alleged in Plaintiff's Social Security Brief.

## II.     Discussion

Plaintiff summarized her allegation of error concisely:

4

In describing [Plaintiff's] reports, the ALJ acknowledged that she experienced pain and difficulty lifting, balancing, standing, and sitting. (Tr. at 28). Subsequently, the ALJ relied, in part, on [Plaintiff's] reports that she could lift 10 to 15 pounds, walk 5 to 10 minutes at one time, and sit 15 minutes at one time to discount the medical opinions provided by the State [sic] agency medical consultants and the opinion of [Plaintiff's] treating primary care provider. (Tr. at 31, 32). Thus, the ALJ's discussion of [Plaintiff's] allegations regarding her ability to walk and sit suggests that these reported symptoms were credited. But the ALJ failed to reconcile this assessment with the omission of these limitations from the RFC. [Plaintiff's] reported need to walk and sit for short periods was material because it supported a finding that she was disabled. (See Tr. at 73) (the vocational expert testified that a person needing to shift positions between walking, sitting, and standing every 10 to 15 minutes would preclude all work). "Remand is necessary for the Commissioner to properly explain [sic] his evaluation of [Plaintiff's] allegations."

(Pl. Br. 8) (quoting Catherine A. v. Saul, Civ. A. No. 19-1081-JWL, 2020 WL 996798, at *2 (D. Kan. Mar. 2, 2020)).

The Commissioner argues the ALJ found Plaintiff's allegations inconsistent with the record evidence and provided well-supported reasons to conclude her symptoms were not as severe as alleged. (Comm'r Br. 5-6) (citing R. 28-32). He also argues that the ALJ properly evaluated the prior administrative medical findings and medical opinions, and that his evaluation is supported by the record evidence. Id. 11.

## A.   The ALJ's Relevant Findings

The ALJ summarized Plaintiff's allegations of symptoms:

The claimant testified that she has suffered from a stroke and continues to receive cardiovascular treatment. She has some mental impairments that affect her memory. She suffers from white matter disease based on MRI scanning. She experiences both depression and anxiety. She is unable to interact well with people. She has problems remembering things or finding a word when she is explaining something. He [sic] has PTSD based on trauma experienced with her former relationship partner. She is easily distracted and finds it difficult to focus. Her physical condition requires her

5

to move from position to position [at] will.  She has difficulty using her hands.  She has degenerative disc disease and suffers from severe back pain.  She has had problems with obesity and presently has a lap band placement.  She has high cholesterol.  She experiences pain in the back of her legs.  She also has a torn rotator cup [sic] in the right shoulder and her left shoulder is dislocated.  She is presently on several medications to address her symptoms, including blood thinners, gabapentin, and Tylenol.  She has received epidurals in the past to address her spinal condition.  She has numbness on her left side.  She cannot lift more than 10 to 15 pounds.  She has difficulty balancing and can stand for only a few minutes before needing to hold onto something.  She cannot sit for more than 15 minutes at a time.  She has difficulty using her hands to manipulate objects.  Her left ear is swollen and painful since her stroke.  She fatigues easily and is tired all the time.  She uses a cane and a walker when necessary.  She has been able to shop at stores, on occasion.  She does make use of a computer and the Internet, when at home.

(R. 27-28).

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause many of her alleged physical symptoms," and went on to explain the inconsistencies he found between Plaintiff's allegations of symptoms and the record evidence.  Id. 28, 29-30.

The ALJ found the prior administrative medical findings of the state agency medical consultants, Dr. Lee and Dr. Torres; and the medical opinion of Plaintiff's treating physician's assistant, Ms. Mueller, partially persuasive.  Id. 31, 32.  One of the multiple reasons he gave for discounting each opinion was because Plaintiff testified "she can lift 10 to 15 pounds, walk 5 to 10 minutes at one time, [and] sit 15 minutes at one time."  Id.

The ALJ concluded:

Considering all relevant factors, I find that claimant's allegations do not warrant any additional limitations beyond those established in the residual

6

functional capacity previously outlined in this decision.  There is evidence
in the record that the claimant's impairments are not as severe as alleged
and do not prevent them from performing basic work activities.  Therefore,
I find that there is a lack of evidence in the medical record to support the
claimant's alleged inability to perform basic work activities.  The residual
functional capacity is based on the entire medical record and adjusted to
give the claimant the benefit of the doubt with regard to their allegations of
disability.

(R. 32).

## B.    Analysis

The resolution of this issue is relatively straightforward.  At page 10 of his

decision (R. 28), the ALJ did not "acknowledge[] that [Plaintiff] experienced pain and

difficulty lifting, balancing, standing, and sitting" as Plaintiff suggests (Pl. Br. 8) but, as

quoted above, he summarized Plaintiff's testimony of her disabling symptoms.  (R. 27-

28).  The ALJ then found Plaintiff's allegations of disabling symptoms are inconsistent

with the other record evidence and the reasons he provided for doing so are supported by

the record evidence.  Although Plaintiff's briefs suggest otherwise, she has not shown

error in the ALJ's findings.  As Plaintiff suggests, the ALJ found the prior administrative

medical findings of the state agency medical consultants and the medical opinion of

Plaintiff's treating physician's assistant only partially persuasive, in part, because they

each were inconsistent with Plaintiff's testimony "she can lift 10 to 15 pounds, walk 5 to

10 minutes at one time, [and] sit 15 minutes at one time." Id. 31, 32.  Nonetheless, he did

not credit Plaintiff's allegation of even these limitations.  Rather, he found that Plaintiff's

allegations of limitations were unsupported by the record evidence.  He also found that

Plaintiff's allegations of limitations demonstrated that the portions of the prior

administrative medical findings and medical opinion which were even <u>more restrictive</u> than Plaintiff's allegations are not persuasive, demonstrating that the prior administrative medical findings and medical opinion are only partially persuasive, as the ALJ found.

Plaintiff's arguments, suggesting a failure to follow the correct legal standard or that the ALJ's decision failed to apply certain case law to this situation, merely ignore the reality of the ALJ's decision in this case.  Plaintiff has demonstrated no error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated September 13, 2024, at Kansas City, Kansas.

s:/ John W. Lungstrum

**John W. Lungstrum**
**United States District Judge**